ROY NOBLE LEE, Chief Justice,
for the Court:
Before us today is a Petition for Writ of Mandamus filed by Southwest Mississippi Regional Medical Center pursuant to Miss. Sup.Ct.R. 21 requesting that this Court require the trial court judge to require his court reporter to refund to appellant the difference between estimated and actual cost of preparation of the transcript, to require his court reporter and the trial court clerk to abide by statutory provisions and the Miss.Sup.Ct.Rules concerning payment of the court reporter, and to require that the court reporter be bonded. We write in order to make clear the requirements imposed by statute and by the Mississippi Supreme Court Rules.
I.
Southwest Mississippi Regional Medical Center is the appellant in an appeal pending before this Court, Southwest Mississippi Regional Medical Center v. Lawrence. Judgment was rendered against the Medical Center and in favor of Mrs. Lawrence in the trial court; the Medical Center timely filed notice of appeal. The court reporter estimated that the transcript fee would be $4,000, which appellant paid. Apparently, the circuit clerk paid the $4,000 to the court reporter immediately thereafter.
When the court reporter filed the transcript with the circuit clerk, the transcript consisted of 849 pages entitling the court reporter to a fee of $1,698. The appellant then requested that the court reporter *45 make an additional copy of the transcript for the appellant’s attorneys, which the court reporter agreed to do for $1 per page, or $849. The court reporter then owed a refund of $1,453 from the $4,000 the appellant paid as estimated costs for transcript preparation. The court reporter did not refund this amount to the circuit clerk or to appellant. Appellant’s efforts in the lower court to obtain the refund were unsuccessful.
Apparently, appellant began checking on the court reporter’s bond, but could not find that the court reporter had a bond filed in any of the counties in the district. Thus, on September 17, 1991, appellant filed this petition for extraordinary relief asking for three forms of relief: (1) to require the court reporter to refund the money; (2) to prohibit lower court clerks from disbursing transcript fees to court reporters until such time as the transcript is submitted to the lower court clerk; (3) to require the lower court to prohibit this court reporter from serving until such time as she is bonded, as required by law.
On September 24, 1991, appellant filed a supplement to the petition informing the Court that the court reporter paid the refund to the lower court clerk, who in turn refunded the money to the appellant. Therefore, the request for the first form of relief is moot. The underlying problem in this situation, however, is not.
II.
Miss.Code Ann. § 11-51-69 (Supp. 1991), provides, “When prepayment for costs shall be made with a clerk, he shall certify the fact on the transcript of the record, and immediately pay the costs of the court reporter.” Clearly, this statute contemplates that the court reporter will be paid after the transcript is completed, and not before. Miss.Sup.Ct.R. 11(b)(1) likewise provides that the estimated costs shall be deposited with the clerk. Rule 11(b) further provides that the “deposit and any such order [for increase in deposit] shall be provisional, subject to adjustment after the transcript has been completed and its actual cost ascertained.” Again, this rule contemplates that the clerk will hold the deposit until the transcript is completed and the court reporter will be paid the actual cost of the transcript at that time, and not before.
Estimated fees should not be disbursed to court reporters; the actual cost of the transcript should be paid to the court reporter when the transcript is satisfactorily completed in compliance with the Mississippi Supreme Court Rules and filed with the trial court clerk. We trust that hereinafter the statute and Rule will be strictly adhered to.
III.
In their responses to this petition, the court reporter and the judge represented that this particular court reporter is bonded but neither submitted any documentation to support this representation. By Order of December 12, 1991, this Court required the court reporter to submit certified documentation to this Court within 14 days that she is indeed bonded as required by law. The court reporter timely complied with this Order.
While we are now satisfied that this particular court reporter is bonded, we point out that Miss.Code Ann. § 9-13-9 (1972) requires the chancellor or judge to require the court reporter to give bond of not less than $2,000 to be filed in the office of the clerk of the court in any county in the district with a certified copy to be filed in the court of the other counties in the district. A court reporter who has not complied with this statute should not be allowed to continue serving as a court reporter until the bond requirement has been fulfilled. We trust that this statute is being strictly adhered to in the trial courts of our State.
The Petition for Writ of Mandamus is dismissed in part as moot and granted in part.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.